

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2984

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions.* Paper 702.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/702

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2984
_____

SAI HUA CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A96-236-798)
Immigration Judge: Hon. Esmeralda Cabrera

_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2007

Before: RENDELL, AMBRO, and NYGAARD, Circuit Judges.

(Filed: July 25, 2007)

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Sai Hua Chen, a Chinese national, entered the United States illegally, and was charged with removability. Immigration Judge Cabrera denied her application for asylum, withholding of removal and relief under the Convention Against Torture. The Board of Immigration Appeals summarily affirmed. We will deny the petition for review.

I.

Chen claims that, in 1999, she was arrested and detained for 30 days for practicing Falun Gong. While detained, she maintains, Chinese police slapped her, pulled her hair and demanded that she reveal the name of her Falun Gong group's leader. She eventually revealed the man's name, and paid 20,000 renminbi for her release. For the next four years, she practiced Falun Gong in secret, and avoided unwanted police attention.

In 2003, Chen began openly sharing her practices with co-workers and friends, and tried to dispel the official description of Falun Gong as an "evil cult." However, when a "snakehead" approached her with an opportunity to leave for the United States, she took it. She entered the country illegally in December, 2003.

When confronted with a notice to appear, Chen applied for asylum, withholding of removal, and protection from removal under the Convention Against Torture. At her hearing, Chen testified on her own behalf, presented a written submission

to the court, her birth certificate, Chinese identification and family registration, reports on the persecution of Falun Gong practitioners, and a letter from her father purporting to corroborate her claims. The IJ found her not credible, and denied her claims, and the Board summarily affirmed.

II.

Where the Board affirms the IJ's decision without opinion, "we review the IJ's opinion and scrutinize its reasoning." *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (*en banc*). We review the IJ's findings, including adverse credibility determinations, for substantial evidence. *Sukwanputra v. Gonzales*, 434 F.3d 627, 636 (3d Cir. 2006).

The Attorney General may grant asylum to an alien who shows she is unable or unwilling to return to her homeland because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Lie v. Ashcroft*, 396 F.3d 530, 534-35 (3d Cir. 2005). To obtain withholding of removal, an alien must demonstrate a "clear probability" that her life or freedom would be threatened on one of the prohibited grounds if removed to the proposed country of removal. *Zubeda v. Ashcroft*, 333 F.3d 463, 470 (3d Cir. 2003). Finally, she may obtain protection from removal under the Convention Against Torture if she establishes that it is more likely than not that she would be tortured if removed. *Wang v. Ashcroft*, 320 F.3d 130, 133-34 (3d Cir. 2003).

3

Chen's claims turned almost entirely on her credibility. The IJ, though, found serious inconsistencies between her testimony and the other evidence she presented. For instance, the IJ pointed out that her father's letter contradicted her account of her detention. In the letter, her father reported, "[Sai Hua] told us that she was orally and physically abused during the three days she was detained. I had to pay 20,000 RMB to bail her out." In her initial asylum application, Chen never mentioned the length of her detention, but she later testified that she was held for 30 days. This inconsistency significantly weakened her credibility, and she failed to present corroborative evidence that might have bolstered her claims. Given the absence of such evidence, we cannot say that the record compels a conclusion contrary to the IJ's decision.

III.

We conclude that substantial evidence supports the IJ's adverse credibility determination, and her ultimate decision to deny Chen asylum, withholding of removal, and CAT relief. Accordingly, we will deny the petition for review.

4